33  643
44  300

## LAURA VENEMAN V. ADDISON MCCURTAIN.

### [FILED JANUARY 4, 1892.]

1. **Review.** AFFIDAVITS used on the hearing of a motion in the district court must be preserved in a bill of exceptions to be available in the supreme court.

2. **Jury:** DELIBERATION: MISCONDUCT. While a jury was deliberating upon a verdict one of the jurors handed a person outside of a window twenty-five cents, with the request that he would procure apples for the jury. The bystander thus addressed took the money, purchased apples, and on his own account also a quantity of cigars, and passed them in to the jury with the remark that these were —— cigars, giving the name of defendant in the action, but immediately thereafter adding the name of the plaintiff, saying that the jury might consider them from either. *Held*, That the verdict be set aside; that the court would not permit a jury to be tampered with in this manner, and that prejudice would be presumed. *Held*, also, that upon the attention of the trial court being called to this infraction of duty by a bystander, that the offender should have been severely punished for contempt.

3. **Instructions:** MUST BE READ TO THE JURY. All instructions which are proper to be given to the jury should be read by the court, and if it was clearly shown that instructions asked on behalf of a party had been handed to the jury without reading, thus placing them under a cloud, the verdict against such party would be set aside.

ERROR to the district court for Phelps county. Tried below before GASLIN, J.

*James I. Rhea*, for plaintiff in error.

*Hall & Patrick*, and *S. A. Dravo, contra.*

MAXWELL, J.

This action was brought by the plaintiff against the defendant for breach of promise of marriage, and on the trial the jury returned a verdict for the defendant. Whereupon

the court overruled a motion for a new trial and dismissed the action.

A motion is now made to strike certain affidavits from the record because irregularly therein. No doubt by this is meant that such affidavits are not included in the bill of exceptions.

On examining the transcript we find that such is the case, and the motion, though not in proper form, will be sustained.

This court has many times held that affidavits or other evidence used on the hearing of a motion in the district court must be preserved in a bill of exceptions to be avail able in the supreme court. A number of affidavits are preserved in the bill of exceptions, from which it appears that while the jury were deliberating on a verdict one of the jurors handed a man named Breech twenty-five cents through a window and requested him to procure apples for the jury; that he took the money, secured the apples and returned them to the jury, and also procured a quantity of cigars and passed them to the jury with the remark, as stated by one witness, "Breech brought the said jury, which a portion of them received through a window from the outside of the court house, one lot of cigars which said Breech then stated they were McCurtain cigars, then afterwards stated that they could consider them as Laura Veneman cigars. I considered them as coming from the one presenting them." The other affidavits in the case show beyond question that these cigars were handed to the jury, the only dispute being as to what was said at the time they were delivered.

This court will not permit a jury to be tampered with in this manner. The party who thus undertook to furnish apples and cigars was guilty of contempt and should have been punished when the attention of the court was called to his conduct.

We do not know what the effect of such influence might

be.  It is the duty of the jury to be governed entirely by the evidence and instructions of the court, and all communications by individual jurors or the jury as a whole with outside parties is calculated to obstruct the due administration of justice.  In such case it is not necessary to show affirmatively that a party has been prejudiced, as such proof may be impossible to be obtained, but prejudice will be presumed and the verdict set aside.

It is assigned for error that the judge failed to read the instructions asked by the plaintiff.  There is no evidence in support of this assignment except the affidavits which have been stricken from the record.  If it was clearly shown that a court had refused to read instructions proper in themselves and which should be given, it would be good cause for the reversal of a judgment.

The court is not to discriminate between instructions as coming from the plaintiff or defendant so as to cast a cloud upon those given on behalf of either.  Instructions are for the guidance of a jury—to enable them to arrive at a correct conclusion.  Therefore, if instructions are proper in themselves and the court deem it necessary that they should be given, it is the duty of the judge to read them as the law applicable to a certain phase of the case.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.